UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bryan Cary,

        Plaintiff,         Case Number: 11-CV-13151

v.         Honorable Sean F. Cox

James Eaton, *et al.*,

        Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Bryan Cary, presently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). Plaintiff's complaint concerns his placement on "modified access status," which has restricted his ability to file grievances. Plaintiff seeks monetary relief. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P.

1

8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

In this case, Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972).

## ANALYSIS

I.  Plaintiff's Fourteenth Amendment Claim:

Petitioner argues that his placement on modified access status has violated his First Amendment right and his Fourteenth Amendment right to due process. Michigan Department of Corrections Police Directive 03.02.130.HH provides that a prisoner may be placed on modified access to the grievance process if the prisoner abuses the grievance process by, for example, filing an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or are otherwise vexatious. Once placed on modified access status, a prisoner may only file a grievance by first contacting a grievance coordinator and requesting a grievance form. If the coordinator determines the claim is not frivolous, the prisoner is given a grievance form and the grievance proceeds through the normal grievance process. *See Walker v. Michigan Department of Corrections*, 128 F. App'x 441, 443 (6th Cir. 2005).

There is no constitutionally protected due process right to unrestricted access to a prison grievance procedure. *Id*. at 444. Because Plaintiff has no due process right to file a prison grievance, he cannot state a claim for relief on that basis.

II.  Plaintiff's First Amendment Claims:

Plaintiff also claims that his placement on modified access violated his rights under the First Amendment. He does not, however, provide any further argument in support of this claim. Construing his *pro se* complaint liberally, the Court will construe this claim as asserting a violation of his First Amendment right to petition for redress, his right of access to the courts, and his right to file grievances without retaliation.

3

First, the Court of Appeals for the Sixth Circuit has held that placement of a prisoner on modified access status "does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances. Rather it merely requires the prisoner to obtain permission form the grievance coordinator to file a grievance." *Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001). Thus, Plaintiff's right to seek redress of grievances was not violated by placement on modified access.

Second, Plaintiff's claim that his right of access to the courts was violated is also without merit. If a grievance is improperly dismissed by a grievance officer, the prisoner may then file a claim in federal court. A prisoner is required to exhaust "such administrative remedies as are available" before filing suit in federal court. 42 U.S.C. § 1997e(a). If a prisoner on modified access attempts to file a grievance, but is prevented from doing so because the grievance is deemed non-meritorious, the prisoner has exhausted all available administrative remedies as required by § 1997e(a). *See also Walker*, 128 F. App'x at 446. ("[I]f a grievance officer dismissed a non-frivolous complaint . . . that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted."). Accordingly, modified access status does not implicate a prisoner's right of access to the courts.

Third, Petitioner's First Amendment retaliation claim must also fail. The elements of a First Amendment retaliation claim are: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected

4

conduct.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir.2004) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)).

Plaintiff does not specifically allege that he was engaged in protected conduct, but, because a prisoner has a First Amendment right to file non-frivolous grievances against prison officials without retaliation, *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005), the Court will assume for purposes of this analysis that Plaintiff was engaged in protected conduct.

The Court of Appeals for the Sixth Circuit has held that "[b]eing placed on modified access would not deter a person of ordinary firmness from pursuing non-frivolous grievances against prison officials."  *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005).  The Court of Appeals has reasoned that "[s]ince the only penalty for filing a grievance found to be frivolous is an extension of modified status, there should be no chilling effect on the filing of non-frivolous grievances."  *Walker*, 128 F. App'x at 446.

In his complaint, Plaintiff states that he attempted to file several grievances during the time he was on modified access status.  Thus, by Plaintiff's own admission, he was not deterred from filing non-frivolous grievances because he had been placed on modified access.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's claims that his rights have been violated by being placed on modified access fail to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S.

438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    **IT IS SO ORDERED.**

Dated:  October 17, 2011                                       S/ Sean F. Cox
                                                                                Sean F. Cox
                                                                                U. S. District Court Judge

I hereby certify that on October 17, 2011, the foregoing document was served upon counsel of record by electronic means and upon Bryan Cary by First Class Mail at the address below:

Bryan Cary # 269436
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Dated:  October 17, 2011                                       S/ J. Hernandez
                                                                                Case Manager